SUMMARY ORDER
Petitioner Laura Pereira Hoffman Das Silva (“Hoffman”), a native and citizen of Brazil, seeks review of a final order of removal issued by the BIA on June 23, 2008 dismissing her appeal from the April 16, 2007 order of the Immigration Judge (“IJ”) denying her application for a waiver under section 212® of the Immigration and Naturalization Act (“INA”), 8 U.S.C. § 1182®. In re Hoffman Das Silva, No. A78 720 859 (B.I.A. June 23, 2008), aff'g No. A78 720 859 (Immig. Ct. Hartford, CT April 16, 2007). We assume the parties’ familiarity with the facts, 10 procedural context, and specification of appellate issues.
Where, as here, the BIA does not expressly adopt the IJ’s decision, but its brief opinion finds no error in or closely tracks the immigration judge’s reasoning, this Court may consider both the immigration judge’s and BIA’s opinions for the sake of completeness. Wangchuck v. Dep’t of Homeland Sec., 448 F.3d 524, 528 (2d Cir.2006).
This Court generally lacks jurisdiction to review discretionary decisions such as the denial of a waiver of removal under section 212® of the INA. 8 U.S.C. § 1182(a)(9)(B)(v) (“No court shall have jurisdiction to review a decision or action of the Attorney General regarding a waiver [of inadmissibility] under [8 U.S.C. § 1182(a)(9)(B)(v) ].”); see also Camara v. Dep’t of Homeland Sec., 497 F.3d 121, 124 (2d Cir.2007) (per curiam) (“[W]e ... lack jurisdiction to review the factual and discretionary decisions underlying the denial of an application for a waiver of inadmissibility.”). Further, this Court has stated that “the determination of whether ‘exceptional and extremely unusual hardship’ is *257 present for the purposes of cancellation of removal is beyond our jurisdiction to review, except in those rare cases where the BIA decision on whether this kind of hardship exists is made without rational justification or based on an erroneous legal standard.” Mendez v. Holder, 566 F.3d 316, 322 (2d Cir.2009) (per curiam) (quoting Barco-Sandoval v. Gonzales, 516 F.3d 35, 39 (2d Cir.2008) (internal quotation marks omitted)). However, we retain jurisdiction over constitutional claims and questions of law. See 8 U.S.C. § 1252(a)(2)(D). Hoffman argues that the BIA exceeded its authority by engaging in improper independent factfinding (in violation of 8 C.F.R. § 1003. l(d)(3)(iv)) or a de novo factual review (in violation of 8 C.F.R. § 1003. l(d)(3)(i)). To the extent that this argument seems to raise a constitutional claim or question of law, it lacks merit.
The BIA reviews de novo whether the IJ’s decision to deny discretionary relief was warranted based on the record, see 8 C.F.R. § 1003.1(d)(3)(H), and the BIA permissibly did so here. As is relevant in this appeal, in affirming the IJ’s denial of relief, the BIA cited, among other evidence, testimony by Hoffman’s husband that he does not speak English well enough to help his daughter with her homework in the United States. The BIA noted that to the extent a return to Brazil would remove this language barrier, the evidence did not support a finding that Hoffman’s removal will result in extreme hardship to her husband. In so noting, the BIA properly made a legal conclusion based upon facts in the record. See Wallace v. Gonzales, 463 F.3d 135, 141 (2d Cir.2006) (per cu-riam) (“[A] review of the factual record by the BIA does not convert its discretionary determination as to whether a petitioner warrants [relief] into improper factfind-ing.”).
Having rejected Hoffman’s argument that the BIA exceeded its authority, we lack jurisdiction to review the BIA’s affir-mance of the IJ’s denial of a discretionary section 212(i) waiver. See Mendez, at 322; Camara, 497 F.3d at 124.
Accordingly, the petition is DENIED.